IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JERMEZ WATSON                                                                                       PLAINTIFF
#258073

V.                            Case No. 4:24-CV-00623-LPR-BBM

ERIC HIGGINS, Pulaski County Sheriff,
Pulaski County Regional Detention; NELSON,
Jail Administrator, Pulaski County Regional
Detention; and BARRY HYDE, Quorum Court
Judge, Pulaski County Quorum Court                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     DISCUSSION**

On July 23, 2024, Plaintiff Jermez Watson ("Watson"), then an inmate in the Pulaski County Regional Detention Facility ("PCRDF"), along with sixteen fellow inmates, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights. (Doc. 1). The Complaint was severed into seventeen separate lawsuits, and, by order

dated July 26, 2024, Watson was directed to either file a motion to proceed *in forma pauperis* ("IFP Motion") or pay the $405 filing and administrative fees within thirty days, as required by 28 U.S.C. § 1915. (Doc. 3). The Order directed the Clerk's office to mail Watson an IFP Motion and ordered detention center officials to assist Watson in completing the necessary forms. *Id*. at 3. Importantly, the Court informed Watson of his duty under Local Rule 5.5(c)(2) to diligently prosecute his case and cautioned Watson that, if he failed to timely comply with the Order, his case would be dismissed without prejudice. *Id*. at 1–3.

Watson failed to comply with the Court's order, and his was returned as undeliverable. (Docs. 4–5, 7). On August 8, 2024, the Court ordered Watson to file a notice of his current mailing address within thirty days. (Doc. 6). The August 8 Order cautioned Watson that, if he failed to timely and properly comply, his case could be dismissed without prejudice pursuant to Local Rule 5.5(c)(2). *Id*. at 2.

Specifically, under Local Rule 5.5(c)(2), Watson has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Watson, is not responded to within thirty days, the case may be dismissed, without prejudice. *Id*.

Watson has not provided the Court with a current mailing address, nor has he responded to the Court's August 8 Order. Accordingly, his case should be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).

## II. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Watson's Complaint (Doc. 1) be DISMISSED without prejudice for lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 23rd day of September, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE